764

■ ALBERT ROUGIER, Appellant, v. DORN'S TRANSPORTATION, INC., Respondent.— Appeal from a judgment of the Supreme Court at Trial Term in Clinton County which dismissed the complaint, upon motion made at the end of plaintiff's case. Plaintiff sued in negligence to recover for personal injuries sustained while he and three coemployees were engaged in unloading from defendant transportation company's trailer one of two elevator door frames consigned to plaintiff's employer, a building contractor. Each door frame was approximately eight feet long and six feet wide and weighed about 300 pounds. Defendant's driver parked the tractor-trailer and opened the trailer doors to permit the contractor's employees to perform the unloading operation, which they commenced under the direction of the contractor's labor foreman. One frame was placed so that its top was against the wall of the trailer and its base rested on the floor at a distance of two or three feet from the wall, as appellant's brief concedes, and it was thus inclined toward the wall at an angle estimated at 20 degrees. The second frame leaned against the first. Three of the contractor's employees were engaged in moving the top door frame and were having some difficulty with it when plaintiff was directed by the foreman to assist them. When plaintiff entered the trailer his coemployees had moved the frame to a vertical position preparatory to sliding it out of the trailer, and as plaintiff took hold of it, the other frame — that next to the wall — toppled upon him. In contradiction of defendant's employees' testimony that, in accordance with the defendant's practice, the door frames were secured by a rope or ropes attached to the frame of the trailer, there was testimony from which it could be inferred that neither door frame was thus fastened when the men entered the trailer to commence unloading. That inference does not aid plaintiff, however, nor would an inference that, if the door frames had at one time been secured, they were tied together, with one loop through both, rather than singly. In neither case could proximate cause properly be found. Whether or not tied, or however tied, the ropes had to be free before the frames could be unloaded. Assuming, nevertheless, that defendant's acts or omissions were such as might under other circumstances constitute negligence, the inescapable conclusion from the physical situation, in aspect most favorable to plaintiff, is that acts of the employees of the contractor, who had assumed complete control of the operation, set in motion a new chain of events which culminated in the accident. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.